UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

ARTHUR KINLAW, JR.,

                              Plaintiff,

              v.                                       9:07-CV-1314
                                                                 (GLS)(GJD)

GEORGE E. PATAKI; GLENN S. GOORD; GILL ELLIS,

                              Defendants.
_____

APPEARANCES:

ARTHUR KINLAW, JR.
Plaintiff, *pro se*

GARY L. SHARPE, DISTRICT JUDGE

## MEMORANDUM-DECISION and ORDER

**I.    Background**

       Presently before this Court is a civil rights complaint filed by Arthur Kinlaw, Jr.[1]

This action was originally filed in the United States District Court for the Western District

of New York and was transferred to the Northern District by Order of District Judge

Michael A. Telesca. Dkt. No. 7. Kinlaw has filed an application for leave to proceed

with this action *in forma pauperis* and motions seeking injunctive relief and the

appointment of counsel.

       In his *pro se* complaint, which is not a model of clarity, Kinlaw asserts a variety of

---

[1] Kinlaw has filed two § 1983 actions in the Northern District challenging the conditions of his confinement while in the custody of the Department of Correctional Services. See *Kinlaw v. Sadiq*, 9:06-CV-0356 (DNH/DRH); *Kinlaw v. CNY Psychiatric Center*, 9:06-CV-1186 (TJM/GHL) (dismissed Jan. 16, 2007). See also *Kinlaw v. CNY Psychiatric Center*, 9:07-CV-0161 (FJS/RFT) (identical action to 9:06-CV-1186 opened in error and dismissed Mar. 14, 2007).

claims against the former New York State officials named as defendants.[2] Kinlaw appears to claim that he was negligently released from prison on parole on March 24, 1977 without adequate provision for ongoing supervision and psychiatric services and, as a result, committed three murders. Dkt. No. 1 at 8-11.[3] Kinlaw has named his three victims as co-plaintiffs and refers to this case as a "wrongful death action." *Id.* at 5.[4] The complaint also sets forth claims relating to Kinlaw's medical care which appear to have arisen during his confinement at Clinton Correctional Facility during the period 2003-04. Kinlaw claims that his glaucoma drops were improperly discontinued and that he received inadequate care for burn injuries he suffered to his leg. *Id.* at 13-14. For a complete statement of Kinlaw's claims, reference is made to the complaint.

Kinlaw seeks an award of monetary damages and also seeks to be transferred to federal custody. Dkt. No. 1 at 17. For a complete statement of Kinlaw's claims, reference is made to the complaint.

## II. Discussion

### (A) *In forma pauperis* application

Based upon a review of Kinlaw's *in forma pauperis* application, the Court finds that he has demonstrated sufficient economic need.

---

[2] In addition to former Governor George E. Pataki, Kinlaw names former New York State Department of Correctional Services Commissioner Glenn S. Goord and former New York State Division of Parole Chairman Anthony G. Ellis as defendants.

[3] The Court is unable to discern the date of these crimes from plaintiff's complaint. However, he has been in DOCS custody since July, 2000.

[4] These individuals are not parties to this action and the Clerk of the Court is directed to remove their names from the docket.

**(B) The sufficiency of the complaint**

Since the Court has found that Kinlaw meets the financial criteria for commencing this case *in forma pauperis*, the Court must consider the sufficiency of the complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that when a plaintiff seeks to proceed *in forma pauperis*, the Court:

> (2) [S]hall dismiss the case at any time if the Court determines that -
>
> \*\*\*
>
> (B) the action ... (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).[5] Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the Court's responsibility to determine that a complaint may properly be maintained in the District before it may permit the plaintiff to proceed with his or her action *in forma pauperis*.

As noted, Kinlaw seeks damages from the named defendants based upon his claim that he was negligently paroled in 1977 and sometime thereafter committed three murders. These allegations do not state a claim for the violation of Kinlaw's civil and constitutional rights upon which relief may be granted by this Court. There is no basis upon which this Court could conclude that any of the defendants were personally involved in Kinlaw's release, or that any claim arising out of Kinlaw's 1997 parole release is timely. Kinlaw's claims regarding his medical care are also patently

---

[5] In determining whether an action is frivolous, the Court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

insufficient. None of the named defendants are claimed to have been involved in or responsible for Kinlaw's medical care, nor does it appear that these claims are timely. Accordingly, Kinlaw's complaint is hereby dismissed pursuant to 28 U.S.C. § 1915(e).

In light of the dismissal of this action, Kinlaw's *in forma pauperis* application and motions for appointment of counsel and injunctive relief are denied as moot.

WHEREFORE, it is hereby

ORDERED, that Kinlaw's *in forma pauperis* application (Dkt. No. 2) and motions for appointment of counsel (Dkt. No. 3) and for preliminary injunctive relief (Dkt. No. 4) are denied as moot, and it is further

ORDERED, this action is dismissed pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted, and it is further

ORDERED, that the Clerk serve a copy of this Order on Kinlaw by regular mail.

IT IS SO ORDERED.

Dated: January 11, 2008

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge